UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                    )
**UNITED STATES SECURITIES**        )
**AND EXCHANGE COMMISSION,**        )
                                    )
          Plaintiff,  ) Case No. 17-cv-2251
                                    )
    v.                            ) Hon. Virginia M. Kendall
                                    )
**DANIEL H. GLICK and**             )
**FINANCIAL MANAGEMENT**            )
**STRATEGIES INC.,**                )
                                    )
          Defendants,  )
                                    )
    and                           )
                                    )
**GLICK ACCOUNTING SERVICES INC.,** )
**EDWARD H. FORTE, and**            )
**DAVID B. SLAGTER,**               )
                                    )
          **Relief Defendants.**  )
_____ )

### SECURITIES AND EXCHANGE COMMISSION'S AGREED MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT DANIEL H. GLICK, DEFENDANT FINANCIAL MANAGEMENT STRATEGIES INC., AND RELIEF DEFENDANT GLICK ACCOUNTING SERVICES INC.

The SEC respectfully moves for the entry of final judgment against defendant Daniel Glick and his two companies, defendant Financial Management Strategies Inc. ("FMS") and relief defendant Glick Accounting Services Inc. In a nutshell, the SEC is no longer pursuing monetary relief against Glick and his companies in light of Glick's sentence in the parallel criminal action. The SEC will, however, continue to seek monetary relief against the other two relief defendants, Edward Forte and David Slagter.

In support of this motion, the SEC states as follows:

1. Earlier this year, the SEC reached a bifurcated settlement with Glick and his two companies. The settlement basically resolved everything as to those parties, except the monetary relief.

2. One of the reasons for the bifurcated settlement was the existence of a parallel criminal action involving substantially the same misconduct. The SEC and Glick agreed to carve-out the monetary relief, and revisit that issue after Glick received his sentence. "After sentencing, the SEC will return to this Court and address the issue of monetary relief, the last remaining issue for Glick and his two companies." *See* SEC's Motion for Entry of Judgment, at ¶ 7 (Dckt. No. 107).

3. On April 17, 2018, this Court entered judgment against Glick, FMS, and Glick Accounting Services, but reserved the issue of monetary relief. *See* Dckt. Nos. 112 – 114. The judgments expressly provided that this Court would address the issue of monetary relief – meaning disgorgement, prejudgment interest, and civil penalties – at a later time. For example, the judgment against Glick provided: "Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty . . . . The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission." *See* Dckt. No. 114, at 4.

4. Judge Gettleman ultimately sentenced Glick to 151 months in prison, and ordered him to pay more than $5.2 million in restitution. *See United States v. Glick*, 17-cr-739 (N.D. Ill) (Dckt. No. 40) (Judgment in a Criminal Case).

5. The judgment in the criminal action requires Glick to pay restitution to members of the Warden family and members of the Hauser family (among others), the same victims involved in this case. *Id.*

6. In light of the restitution order, and the significant prison sentence, the SEC is no longer seeking disgorgement or civil penalties from Glick, FMS, or Glick Accounting Services. There is no need for a disgorgement order against Glick in this case because the Court in the criminal action already ordered Glick to repay the victims. There is no need for civil penalties, either, because Glick already received significant punishment through imprisonment.

7. Any funds paid by Glick – and payable to the victims – will flow through the criminal action. Glick committed one fraud, so it makes sense to streamline and centralize the payment of funds in one court, not two.

8. Glick forfeited his interest in FMS and Glick Accounting Services to the United States as part of the criminal action. *See United States v. Glick*, 17-cr-739, at 4, 5 (N.D. Ill) (Dckt. No. 40) (Judgment in a Criminal Case) (ordering Glick to "forfeit the defendant's interest in the following property to the United States: See attached Preliminary Order of Forfeiture," which included "all stock and ownership interests in three companies owned by defendant DANIEL GLICK, namely Financial Management Strategies, Inc. [and] Glick Accounting Services, Inc."). It no longer makes sense for the SEC to seek disgorgement from FMS and Glick Accounting Services, because the United States now owns them.

9. The SEC respectfully requests that the Court enter final judgment against Glick, FMS, and Glick Accounting Services, and thus wrap-up the claims against them. The proposed drafts of the final judgments (*see* Exs. A – C) are substantially the same as the versions entered by this Court on April 17, 2018. *See* Dckt. Nos. 112 – 114. But the proposed drafts no longer include provisions requiring Glick or his companies to pay disgorgement, prejudgment interest, or civil penalties.

10. The final judgments include permanent injunctions against defendants Glick and FMS (but not Glick Accounting Services, because it is a relief defendant). The final judgments also require Glick and his companies to continue to cooperate with the repatriation of assets payable in the criminal action.

11. Glick is represented in this action and agrees, through his attorney, Peter Shaeffer, with the SEC's motion for entry of final judgment against him.

12. FMS is not represented in this action. Before the forfeiture in the criminal action, Glick was the sole owner and President of FMS. As President, Glick (through his attorney, Peter Shaeffer) agrees on behalf of FMS with the SEC's motion for entry of final judgment as to FMS.

13. Glick Accounting Services is not represented in this action. Before the forfeiture in the criminal action, Glick was the sole owner and President of Glick Accounting Services. As President, Glick (through his attorney, Peter Shaeffer) agrees on behalf of Glick Accounting Services with the SEC's motion for entry of final judgment as to Glick Accounting Services.

WHEREFORE, the SEC respectfully moves for the entry of final judgment against defendant Daniel Glick, defendant Financial Management Strategies Inc., and relief defendant Glick Accounting Services Inc.

Dated: September 12, 2018            Respectfully submitted,

<u>/s/ Michelle Muñoz Durk</u>

Steven C. Seeger (Seegers@sec.gov)
Jeffrey A. Shank (Shankj@sec.gov)
Michelle Muñoz Durk (Munozdurkm@sec.gov)
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois 60604-2615
Phone: (312) 353-7390
Fax: (312) 353-7398

*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*