UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Case No. 17-cv-2251 |
| v. | ) Hon. Virginia M. Kendall |
| DANIEL H. GLICK and FINANCIAL MANAGEMENT STRATEGIES INC., | )<br>)<br>) |
| Defendants, | ) |
| and | ) |
| GLICK ACCOUNTING SERVICES INC., EDWARD H. FORTE, and DAVID B. SLAGTER, | )<br>)<br>) |
| Relief Defendants. | ) |

**FINAL JUDGMENT AS TO DEFENDANT
FINANCIAL MANAGEMENT STRATEGIES INC.**

The Securities and Exchange Commission having filed a Complaint, and Defendant Financial Management Strategies Inc. ("Defendant") having (1) entered a general appearance; (2) consented to the Court's jurisdiction over Defendant and the subject matter of this action; (3) consented to entry of this Final Judgment; (4) waived findings of fact and conclusions of law; and (5) waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by use of the mails or any means or instrumentality of interstate commerce:

    A.    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    B.    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all funds and assets, held by or in the name of Defendant, or in which Defendant, directly or indirectly, has or had any beneficial interest, or over which Defendant maintained or maintains or exercised or exercises control. Defendant shall cooperate to locate and facilitate the orderly liquidation, transfer, and repatriation to the territory of the United States of any such assets, as this Court or the Court in *United States v. Glick*, 17-cr-739 (N.D. Ill.), may deem necessary and appropriate. Among other things, Defendant shall request, obtain, and provide all requisite information to the SEC, and shall execute all requisite documentation to facilitate the liquidation, transfer, and repatriation to the territory of the United States of any such assets. All proposed sales or liquidations shall be subject to the review and approval of this Court or the Court in *United States v. Glick*, 17-cr-739 (N.D. Ill.). Defendant shall not sell, liquidate, transfer, dissipate, or encumber any such assets unless and until ordered to do so by this Court or by the Court in *United States v. Glick*, 17-cr-739 (N.D. Ill.). This paragraph applies to, without limitation, the investments in the Israeli companies previously identified in the SEC's memoranda and supporting papers in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 9-19, 2018

_____
UNITED STATES DISTRICT JUDGE