UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |
| Plaintiff, | ) Case No. 17-cv-2251 |
| v. | ) ) Hon. Virginia M. Kendall |
| DANIEL H. GLICK and FINANCIAL MANAGEMENT STRATEGIES INC., | ) ) ) ) |
| Defendants, | ) |
| and | ) |
| GLICK ACCOUNTING SERVICES INC., EDWARD H. FORTE, and DAVID B. SLAGTER, | ) ) ) |
| Relief Defendants. | ) |

**FINAL JUDGMENT
AGAINST RELIEF DEFENDANT DAVID B. SLAGTER**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant David B. Slagter ("Relief Defendant Slagter") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant Slagter and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant Slagter is liable for disgorgement of $611,064, representing profits gained as a result of Daniel Glick's violations of the federal securities laws, together with prejudgment interest thereon in the amount of $107,855, for a total of $718,919. Based on Relief Defendant Slagter's sworn representations in his Statement of Financial Condition dated June 4, 2019, and other documents and information submitted to the Commission, however, payment of all but $362,486 of the disgorgement and pre-judgment interest thereon is waived.

Relief Defendant Slagter shall pay $362,486 in installments to the Commission according to the following schedule: (1) $336,249 within 10 days of entry of this Final Judgment; and (2) $26,237 within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Relief Defendant Slagter shall contact the staff of the Commission for the amount due for the final payment.

If Relief Defendant Slagter fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

The determination to waive payment of all but $362,486 of the disgorgement and prejudgment interest is contingent upon the accuracy and completeness of Relief Defendant Slagter's Statement of Financial Condition. If at any time following the entry of this Final

Judgment the Commission obtains information indicating that Relief Defendant Slagter's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Relief Defendant Slagter, petition the Court for an order requiring Relief Defendant Slagter to pay the unpaid portion of the disgorgement, as well as pre-judgment and post-judgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Relief Defendant Slagter was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Relief Defendant Slagter to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Relief Defendant Slagter may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment interest, or post-judgment interest should not be ordered; (4) contest the amount of disgorgement and prejudgment and post-judgment interest; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 10 days after being served with a copy of this Final Judgment: (1) Law Offices of James A. McGurk, P.C. shall transfer the entire balance of any and all moneys received from Relief Defendant Slagter

3

and held in escrow in the Client Funds Trust Account of the Law Offices of James A. McGurk, P.C. held at BMO Harris Bank totaling $35,000 to the Commission; and (2) Relief Defendant Slagter shall transfer $301,249 held in the Vanguard brokerage account ending in x6931 and the Vanguard IRA account ending in x4215 to the Commission. Following the successful transfer of $301,249 to the Commission from these accounts, this Court's Order restricting Relief Defendant Slagter's use of funds in these accounts shall be lifted and Relief Defendant Slagter may access any residual balance without restriction.

Relief Defendant Slagter may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Relief Defendant Slagter also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant Slagter shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Relief Defendant Slagter relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant Slagter.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the

administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant Slagter shall comply with all of the undertakings and agreements set forth therein.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Relief Defendant Slagter, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant Slagter under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: June 20, 2019

_____
HON. VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE

6